## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JARED MAIRS, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-CV-01086-NJR** |
| **ALLSUP, LLC, an Illinois Limited Liability Company, and ALLSUP EMPLOYMENT SERVICES, LLC, an Illinois Limited Liability Company,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss and memorandum in support filed by Defendants Allsup, LLC and Allsup Employment Services, LLC (referred to collectively as "Allsup") (Docs. 21, 22). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

On October 6, 2019, Plaintiff Jared Mairs filed a one-count class action complaint against Allsup, asserting violations of 47 U.S.C. §§ 227(b)(1)(A)(iii) and (b)(1)(B) of the Telephone Consumer Protection Act ("TCPA") (Doc. 1). Mairs alleged Allsup placed prerecorded voice solicitation calls to select cellular telephone service numbers, including Mairs's cellular telephone on one occasion, without prior express consent (*Id.*).

Allsup moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the phone calls at issue did not violate the TCPA because it acted as a government contractor for the Social Security Administration ("SSA") in making the calls (Doc. 22). Allsup further states that even if the TCPA applies, it is not directly or vicariously liable for making the calls. *Id.* For these reasons, Allsup contends that Mairs has failed to state a plausible claim upon which relief can be granted. Mairs filed a response asserting that because Allsup does not contest the calls and the violation based purely on the elements under the TCPA statute, affirmative defenses notwithstanding, the action should advance (Doc. 37).

## LEGAL STANDARD

The purpose of an motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to address the sufficiency of the complaint for a claim upon which relief can be granted. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a motion to dismiss, taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (internal citations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) ("[T]rial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."). Complaints that contain only "naked assertion[s] devoid of further factual enhancement" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## ANALYSIS

The TCPA protects individual consumers from receiving intrusive and unwanted phone calls. *Mims v. Arrow Fin. Servs.*, LLC, 565 U.S. 368, 372 (2012). Specifically, the Act prohibits any "person" within the United States to use an automatic telephone dialing system or an artificial or pre-recorded voice to call or text any cellular phone without the prior consent of the recipient, with some exceptions. *Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 460 (7th Cir. 2020) (citing 47 U.S.C. § 227(b)(1)). The TCPA does not prohibit all calls, only those made without consent and using an ATDS or an artificial or pre-recorded voice. The TCPA also does not define "person," but the Communications Act of 1934, which the TCPA amended, defines person as an "individual, partnership, association, joint-stock company, trust or corporation."47 U.S.C. § 153(39).

Allsup moves to dismiss on the simple ground that it is not subject to the TCPA because it is not a "person" as a defined by the statute. Allsup states that as a contractor for the SSA regarding the calls in question, it is not included in the definition of "person" under the TCPA. In support, Allsup points to a 2016 Declaratory Ruling by the Federal Communications Commission ("FCC"), which clarified that the term 'person,' as used in section 227(b)(1) of the TCPA and the FCC's rules implementing that provision, do not include agents of the federal government acting within the scope of their agency under common-law principles of agency. *See* In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 7394, 7398 (2016). So, as the FCC stated in its reasoning, "a government contractor who places calls on behalf of the federal government will be able to invoke the federal government's exception from

the TCPA when the contractor has been validly authorized to act as the government's agent and is acting within the scope of its contractual relationship with the government, and the government has delegated to the contractor its prerogative to make autodialed or prerecorded- or artificial-voice calls to communicate with its citizens." *Id.*

While this FCC ruling appears to be a direct and easy route to dismissing Mairs's claim, the questions of whether Allsup is the SSA's agent and, therefore, exempt along with liability are fact-based ones, which are outside the four corners of the complaint. *See Taylor, Bean & Whitaker Mortg. Corp. v. Vincent Cebulak*, 2004 WL 2106605, at *12 (N.D. Ill. Sept. 20, 2004) (agency is a question of fact). Thus, the agency issues are not properly decided at this stage of the litigation. Because the parties must investigate agency issues through discovery, the Court declines to address the question of the interpretation of the definition of "person" under the TCPA and agency liability at this time.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Allsup's Motion to Dismiss (Doc. 21).

**IT IS SO ORDERED.**

**DATED:   May 27, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**